SUPERIOR COURT
OF THE

**MARK H. CONNER
JUDGE**

**Sussex County Courthouse
1 The Circle, Suite 2
Georgetown, DE 19947**

May 28, 2024

John P. Deckers, Esquire
800 N. King Street, Suite 303
Wilmington, Delaware 19801
*Attorney for Defendant-Petitioner
Joseph D. Willey.*

Kristina Bensley, Deputy Attorney General
600 S. Bay Road
Dover, Delaware 19901
*Attorney for the State of Delaware*

RE:    State of Delaware v. Joseph D. Willey

I.D. No. 0802013700

## ORDER

Date Submitted:  May 13, 2024

Date Decided:  May 28, 2024

Dear Counsel,

Before the Court is Defendant-Petitioner Joseph D. Willey's ("Mr. Willey")

petition for redesignation on the sex offender registry from Tier II to Tier I.  In 2008

Mr. Willey was indicted on 30 counts of using a computer to unlawfully depict a

child engaging in a prohibited sexual act in violation of 11 *Del. C.* § 1109(4).  He

plead guilty to four counts of that offense and the State entered a *nolle prosequi* on

the remaining 26 charges. Under Delaware law a Tier II sex offender may petition this Court for redesignation to Tier I if certain requirements are met.[1] One such requirement is that "the victim of the crime was not a child under 18 years of age…."[2]

Mr. Willey does not contest that the children depicted in the digital files found in his possession were under the age of 18. Instead, Mr. Willey argues that a victim is "an actual, individual person – a natural born child under the age of 18 – against whom a petitioner perpetrated a sexual offense" as opposed to "a visual depiction or digital image" of such.[3] While Mr. Willey admits that the children depicted in the files discovered in his possession are victims, he denies that his possession of those files victimized them. Therefore, under Mr. Willey's theory the requirement of § 4121(e)(2)(b) "that the victim of the crime was not a child under 18 years of age" does not apply to him or other petitioners in cases dealing with the possession of child pornography. This definition and understanding of the term victim are at odds with its use elsewhere in § 4121 and United States Supreme Court caselaw, therefore Defendant's petition is **DENIED**.

---

[1] 11 *Del. C.* § 4121(e)(2)(b).
[2] *Id.*
[3] Def.-Pet'r Pet. at 5.

2

11 *Del. C.* § 4121(d)(1)(f) enumerates the process by which the state may move the sentencing court to assign a felon convicted under 11 *Del. C.* § 1109 to Tier III on the sex offender registry.[4] One factor to be considered by the court upon such a motion is "if the *victim* of the offense had not yet reached that *victim's* sixteenth birthday at the time of the crime" (emphasis added).[5] Section 4121(d)(1)(f) refers to the children depicted in pornography as victims of the offense which Mr. Willey was charged. This clarifies that under our statutory framework children depicted in pornography are not only victims of the initial exploitation and dissemination but the subsequent possession of those files as well.

A progeny of United States Supreme Court decisions culminating in *Ashcroft v. Free Speech Coal.[6]* support the argument that the possession of child pornography victimizes the child depicted therein.

> *Ferber* upheld a prohibition on the distribution and sale of child pornography, as well as its production, because these acts were 'intrinsically related' to the sexual abuse of children in two ways. First, as a permanent record of a child's abuse, the continued circulation itself would harm the child who had participated. Like a defamatory statement, each new publication of the speech would cause new injury to the child's reputation and emotional well-being….[7]
>
> [I]n *Osborne v. Ohio*, the Court ruled that these same interests justified a ban on the possession of pornography produced using children….

---

[4] 11 *Del. C.* § 4121(d)(1)(f).
[5] *Id*.
[6] 535 U.S. 234 (2002).
[7] *Id*. at 249, (citing *New York v. Ferber*, 458 U.S. 747, at 759, and n.10 (1982)).

The Court anchored its holding in the concern for participants, those whom it called the 'victims of child pornography.'[8]

The Court is pleased that Mr. Willey has made great rehabilitative progress since his conviction, incarceration, and release. Despite this, I cannot ignore the statutory commands of the Delaware Code eliminating the need for further statutory analysis. Section 4121 prohibits me from redesignating Mr. Willey from Tier II to Tier I on the sex offender registry if the victims of his crimes were under the age of 18. For the foregoing reasons I find that the children depicted in the files possessed by Mr. Willey are victims of his crimes and his petition for redesignation is **DENIED.**

    **IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

cc: Prothonotary

---

[8] *Id.* at 250, (citing *Osborne v. Ohio,* 495 U.S. 103, 110-111 (1990)).